1

2

3

4

5 UNITED STATES DISTRICT COURT

6 DISTRICT OF NEVADA

7 * * *

8 FARANGIS RAHBARI, | Case No. 2:12-cv-01964-MMD-VCF

9 Plaintiff,

10 v. | ORDER

11 WYNN LAS VEGAS, LLC, et al., | (Plaintiff's Motion to Remand and Request for Fees and Costs – dkt. no. 6)

12 Defendants.

13

14 **I.    SUMMARY**

15        Before the Court is Plaintiff Farangis Rahbari's Motion to Remand and Request

16 for Attorney Fees and Costs.  (Dkt. no. 6.)  For the reasons stated below, Plaintiff's

17 Motion is denied.

18 **II.   BACKGROUND**

19        This personal injury lawsuit arises from Plaintiff's alleged slip and fall on

20 Defendant's property.

21        This case was filed in the Eighth Judicial District of Clark County, Nevada, on July

22 12, 2012.  Plaintiff initially filed suit against Wynn Resort Holdings, LLC ("WRC").  WRC

23 received service on August 9, 2012.  WRC informed Plaintiff that it was the wrong entity

24 to sue, and requested that Plaintiff amend her complaint.  On August 22, 2012, Plaintiff

25 amended her complaint to name Wynn Las Vegas, LLC ("Wynn") as the Defendant in

26 this case.  Plaintiff served the First Amended Complaint ("FAC") upon Wynn's counsel

27 on October 23, 2012.  Wynn removed the case to this Court on November 13, 2012.

28 (Dkt. no. 1.)  Plaintiff filed this Motion to Remand on November 16, 2012.  (Dkt. no. 6.)

Plaintiff argues that Defendant did not file the notice of removal of this action within the statutorily-required 30 day time period.  Plaintiff requests that the Court order Defendant to pay Plaintiff's costs and expenses, including attorney fees incurred as a result of removal, pursuant to 28 U.S.C. § 1447(c).

### III.   LEGAL STANDARD

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court.  28 U.S.C. § 1441(a).  This case was removed on the basis of this Court's diversity jurisdiction.  (Dkt. no. 1-4.)  If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court must remand the case to state court.  28 U.S.C. § 1447(c).  However, the district court should deny a motion to remand to state court if the case was properly removed to federal court.  *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984).

### IV.   ANALYSIS

The central question presented in this Motion is whether Defendant timely filed its Petition for Removal.  Plaintiff argues that the clock for filing the Petition began when WRC's counsel accepted service, on August 9, 2012.  Defendant counters that the clock was triggered when it was served with the FAC, on October 23, 2012.

28 U.S.C. § 1446(b)(2)(B) holds that "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."  Defendant could not have removed this action before October 23, 2012, because it had not been served before that time.  Even if WRC and Wynn are closely related entities, Wynn could not have removed until after it was (1) named as a Defendant, which occurred on August 22, 2012, and then (2) served.  As Wynn filed this Petition for Removal within 30 days of October 23, 2012, the day it was served with the FAC, 28 U.S.C. § 1446(b)(2)(B) does not mandate that this case be remanded to state court.

///

Although the Court denies Plaintiff's Motion, the Court notes there were two errors in Defendant's removal.  Had Plaintiff pointed out either of these errors, the Court could have remanded the action.   First, Defendant violated the forum defendant rule in removing this action.  That rule holds that, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C § 1441(b). However, the forum defendant rule is a procedural rather than jurisdictional rule.  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).  A plaintiff has 30 days to make a motion to remand an action for any procedural defects in a defendant's removal.  *Id.*  Should the plaintiff fail to make such a motion, the plaintiff is considered to have consented to federal jurisdiction.  *See id.* at 939-940.  A "district court cannot remand *sua sponte* for defects in removal procedure."[1]  *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003).  Therefore, although remand under the forum defendant rule would have been proper here had Plaintiff raised the argument, because Plaintiff did not, the Court cannot remand the action for this reason.  Second, Defendant incorrectly points to Plaintiff's residency, rather than her citizenship, in discussing this Court's diversity jurisdiction.  (Dkt. no. 11 at ¶ 8.)  Notably, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.  To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, for removal to be proper, Plaintiff must be a citizen, not resident, of a different state than Defendant. However, because Plaintiff does not contest this Court's

///

---

[1]Conversely, jurisdictional bars to removal cannot be waived by the parties, and the Court must address jurisdictional bars *sua sponte*.  *Wild Oats*, 456 F.3d at 940.

1  jurisdiction by arguing that she is not a California citizen, the Court declines to remand
2  the case because of Defendant's error.

3        Finally, the Court denies Plaintiff's request for attorney fees and costs.  28 U.S.C.
4  § 1447(c) allows the Court to impose costs and expenses incurred as a result of
5  improper removal.  Because Plaintiff fails to demonstrate that removal was improper, the
6  Court denies Plaintiff's request.

7  **V.    CONCLUSION**

8        IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (dkt. no. 6) is
9  DENIED.

10        IT IS FURTHER ORDERED that Plaintiff's Request for Fees and Costs (dkt. no.
11  6) is DENIED.

12        Entered this 11th day of February, 2013.

13

14

15  _____
16  MIRANDA M. DU
    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28